IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KIMBERLY R. OLSON,      No. 2:15-cv-0646-MCE-CMK

    Plaintiff,

  vs.      <u>ORDER</u>

HORNBROOK COMMUNITY
SERVICES DISTRICT, et al.,

    Defendants.

                                    /

        Plaintiff, proceeding pro se, brings this civil action. Pending before the court is plaintiff's complaint (Doc. 1) and a motion to transfer to another judge (Doc. 4).

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. <u>See</u> 28 U.S.C. § 1915A(a). The court is also required to screen complaints brought by litigants who have been granted leave to proceed in forma pauperis. <u>See</u> 28 U.S.C. § 1915(e)(2). Under these screening provisions, the court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. <u>See</u> 28 U.S.C. §§ 1915(e)(2)(A), (B) and 1915A(b)(1), (2). Moreover, pursuant to Federal Rule of Civil Procedure 12(h), this court must

1  dismiss an action "[w]henever it appears . . . that the court lacks jurisdiction of the subject matter
2  . . . ."  Because plaintiff, who is not a prisoner, has been granted leave to proceed in forma
3  pauperis, the court will screen the complaint pursuant to § 1915(e)(2).

4  The Federal Rules of Civil Procedure require that complaints contain a "short and
5  plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).
6  This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne,
7  84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied
8  if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon
9  which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  "Although a pro se
10 litigant . . . may be entitled to great leeway when the court construes his pleadings, those
11 pleadings nonetheless must meet some minimum threshold in providing a defendant with notice
12 of what it is that it allegedly did wrong."  Brazil v. U.S. Dep't of Navy, 66 F.3d 193, 199 (9th
13 Cir. 1995).

14 In order to survive dismissal for failure to state a claim, a complaint must contain
15 more than "a formulaic recitation of the elements of a cause of action;" it must contain factual
16 allegations sufficient "to raise a right to relief above the speculative level." "  Bell Atlantic Corp.
17 v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964 (2007).   While "[s]pecific facts are not
18 necessary; the statement [of facts] need . . . . give the defendant fair notice of what the . . . claim
19 is and the grounds upon which it rests."  Erickson v. Pardus, 551 U.S. 89, 127 S. Ct. 2197, 2200
20 (2007) (internal quotes omitted).  In reviewing a complaint under this standard, the court must
21 accept as true the allegations of the complaint in question, see id., and construe the pleading in
22 the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

### I. PLAINTIFF'S ALLEGATIONS

24 Plaintiff brings this action against several defendants, including the Hornbrook
25 Community Services District (HCSD), the officers and agents of HCSD, legal counsel for
26 HCSD, and water customers of HCSD.  Generally, plaintiff alleges HCSD officers and agents are

2

not conducting business in a proper manner.  Her claims range from violation of right to freedom of speech, to due process and equal protection violations.  She also alleges several pendent state law claims.

## II. DISCUSSION

The Federal Rules of Civil Procedure contemplate brevity.  See Galbraith v. Co. of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  See Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th cir. 1984).  A plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly.  See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.  Thus, a plaintiff must not include in the pleading all preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like.  See McHenry, 84 F.3d at 1177-78 (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); see also Crawford-El v. Britton, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" even in pro se prisoner cases).  The court (and defendant) should be able to read and understand plaintiff's pleading within minutes.  See McHenry, 84 F.3d at 1179-80.  A long, rambling pleading including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury, or joining a series of unrelated claims against many defendants, very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

/ / /

1  Plaintiff's complaint fails to meet the pleading requirements of Rule 8 and will be
2 dismissed as such.  Plaintiff is no stranger to this court, and should be well aware that "[j]udges
3 in the Eastern District of California carry the heaviest caseload in the nation, and this Court is
4 unable to devote inordinate time and resources to individual cases and matters."  Conte v. Jakks
5 Pac., Inc., 981 F.Supp.2d 895, 899 (E.D. Cal. 2013).  Plaintiff chose to file an 84-page complaint,
6 consisting of 60 pages of background information and explanation as to who the parties are.  She
7 then incorporates all of the background information as the factual support for her individual
8 claims.  This method of pleading fails to give the defendants a clear statement about what the
9 defendants allegedly did wrong.  See Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097,
10 1104 (9th Cir. 2008); Magluta v. Samples, 256 F.3d 1282, 1284 (11th Cir. 2001).  This type of
11 complaint unnecessarily slows the screening of complaints and taxes the resources of the court.
12 Indeed, other judges have limited such pleadings to a maximum of twenty-five (25) pages.  The
13 undersigned will not set a specific page maximum for any amended complaint plaintiff may file,
14 but plaintiff is cautioned that the court expects any amended complaint to be limited in length.

### III.  REQUEST TO TRANSFER

16  Frustrated with the length of time the court has taken to address plaintiff's
17 voluminous complaint, she has requested the transfer of this action to another judge.  Plaintiff
18 offers no grounds for the removal of the undersigned from this case, such as bias or prejudice
19 pursuant to 28 U.S.C. § 144.  To the extent plaintiff was attempting to bring a motion to
20 disqualify the undersigned, the request as filed is insufficient.  To be sufficient, such a motion
21 must state facts which, if true, fairly support the allegation of bias or prejudice which stems from
22 an extrajudicial source and which may prevent a fair decision.  See U.S. v. Azhocar, 581 F.2d
23 735, 740-41 (1976).  The Supreme Court in Berger also held that adverse rulings alone cannot
24 constitute the necessary showing of bias or prejudice.  See Berger v. United States, 255 U.S. 22,
25 34 (1922).  There are simply no grounds on which to grant plaintiff's request.
26 / / /

## IV.  CONCLUSION

It is possible that the deficiencies identified in this order may be cured by amending the complaint, and plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If plaintiff chooses to amend the complaint, plaintiff must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Plaintiff is cautioned, however, that the specificity requirement must be viewed with Rule 8's requirements of simplicity, directness, and clarity. Even Rule 9(b)'s heightened pleading standard for fraud "is not an invitation to disregard Rule 8's requirement[s]." McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996).

Finally, plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action. See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110. Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's complaint is dismissed with leave to amend;

5

2. Plaintiff shall file an amended complaint that complies with the Federal Rules of Civil Procedure within 30 days of the date of service of this order; and

3. Plaintiff's motion to transfer (Doc. 4) is denied.

DATED: June 1, 2016

*/s/ Craig M. Kellison*
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE