**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

KIMBERLY R. OLSON,

    Plaintiff,

  vs.

HORNBROOK COMMUNITY
SERVICES DISTRICT, et al.,

    Defendants.

No. 2:15-cv-0646-MCE-CMK

ORDER

Plaintiff, proceeding pro se, brings this civil action. Pending before the court is plaintiff's amended complaint (Doc. 8).

As plaintiff is aware, the court is required to screen complaints brought by litigants who have been granted leave to proceed in forma pauperis. See 28 U.S.C. § 1915(e)(2). Under these screening provisions, the court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(A), (B) and 1915A(b)(1), (2). Moreover, pursuant to Federal Rule of Civil Procedure 12(h), this court must dismiss an action "[w]henever it appears . . . that the court lacks jurisdiction of the subject matter . . . ."

1

Plaintiff's original complaint was dismissed, with leave to amend, as it failed to comply with the Federal Rules of Civil Procedure's requirement that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Plaintiff's original complaint was 84 pages long, containing 60 pages of background information, and almost 200 pages of exhibits. Plaintiff was informed her complaint failed to meet the brevity standard, and was provided an opportunity to file an amended complaint. Plaintiff was cautioned that while the court was not placing a specific page limitation on the amended complaint, that any amended complaint was expected to be limited in length.

Plaintiff failed to heed the court's direction and caution. Instead of limiting her complaint, plaintiff has expanded it to an unreasonable degree. Her amended complaint is twice as large as the original complaint, attempts to add new defendants and new claims, and again fails to meet the requirements of Rule 8. Plaintiff's disregard for the Rules of Civil Procedure and this court's order is unacceptable. If plaintiff decides to pursue this case, she must follow the Rules and court orders. Failure to do so may result in the dismissal of this action. See Local Rule 110.

The court again provides plaintiff with the following guidance:

> The Federal Rules of Civil Procedure require that complaints contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). "Although a pro se litigant . . . may be entitled to great leeway when the court construes his pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." Brazil v. U.S. Dep't of Navy, 66 F.3d 193, 199 (9th Cir. 1995).
>
> . . .
>
> The Federal Rules of Civil Procedure contemplate brevity. See Galbraith v. Co. of Santa Clara, 307 F.3d 1119, 1125 (9th Cir.

> 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. See Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th cir. 1984). A plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8. Thus, a plaintiff must not include in the pleading all preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like. See McHenry, 84 F.3d at 1177-78 (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); see also Crawford-El v. Britton, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" even in pro se prisoner cases). The court (and defendant) should be able to read and understand plaintiff's pleading within minutes. See McHenry, 84 F.3d at 1179-80. A long, rambling pleading including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury, or joining a series of unrelated claims against many defendants, very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

See Order, Doc. 5.

As plaintiff's amended complaint fails to meet the pleading requirements of Rule 8, the amended complaint will be dismissed. Plaintiff will be provided one more opportunity to file a complaint that meets the pleading requirements. Any amended complaint filed shall not exceed 25 pages in length, including any attachments and/or exhibits. Failure to file a complaint that complies with this requirement may result in dismissal of this action without further leave to amend.

Plaintiff is again informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567

(9th Cir. 1987). Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

Finally, plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action. See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110. Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981); see also McHenry, 84 F.3d at 1175.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed with leave to amend; and

2. Plaintiff shall file an amended complaint, not to exceed 25 pages total, that complies with the Federal Rules of Civil Procedure within 30 days of the date of service of this order.

DATED: May 17, 2017

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE