1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9               **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    KIMBERLY R. OLSON,                    No. 2:15-CV-0646-MCE-CMK

12                    Plaintiff,

13            vs.                           <u>FINDINGS AND RECOMMENDATIONS</u>

14    HORNBROOK COMMUNITY
      SERVICES DISTRICT, et al.,

15

16                    Defendants.

17    _____/

18            Plaintiff, who is proceeding pro se, brings this civil action.  Pending before the

19    court is plaintiff's second amended complaint (Doc. 14).

20            Plaintiff's original complaint was dismissed for failure to comply with Federal

21    Rule of Civil Procedure 8.  Specifically, the original complaint consisted of 84 pages and

22    incorporated 60 pages of background material by reference throughout.  Plaintiff was provided an

23    opportunity to amend, and cautioned that any amended complaint should be more limited in

24    length.  Plaintiff then filed her first amended complaint, which also failed to comply with Rule 8.

25    The amended complaint consisted of 60 pages with reference to almost 200 pages of attached

26    exhibits.  Plaintiff's amended complaint was dismissed and she was instructed to file a second

amended complaint that was limited to 25 pages.  Plaintiff was cautioned that failure to comply

could result in dismissal of her action.  See Local Rule 110.  Plaintiff's second amended

complaint, which is 46 pages in length, fails to comply with the court's prior order.

The court must weigh five factors before imposing the harsh sanction of

dismissal.  See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v.

U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987).  Those factors are:  (1) the public's

interest in expeditious resolution of litigation; (2) the court's need to manage its own docket;

(3) the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on

their merits; and (5) the availability of less drastic sanctions.  See id.; see also Ghazali v. Moran,

46 F.3d 52, 53 (9th Cir. 1995) (per curiam).  A warning that the action may be dismissed as an

appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor.

See Malone, 833 F.2d at 132-33 & n.1.  The sanction of dismissal for lack of prosecution is

appropriate where there has been unreasonable delay.  See Henderson v. Duncan, 779 F.2d 1421,

1423 (9th Cir. 1986).  Dismissal has also been held to be an appropriate sanction for failure to

follow local rules, see Ghazali, 46 F.3d at 53, and for failure to comply with an order to file an

amended complaint, see Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992).

Having considered these factors, the court finds that dismissal is warranted as an

appropriate sanction.  Specifically, absent an operative pleading that complies with Rule 8,

defendants are incapable of being on notice of the nature of plaintiff's claims and their alleged

conduct.  This prejudices the defendants and thwarts the public's interest in expeditious

resolution of cases on the merits.  Given the court's repeated warnings to plaintiff regarding

compliance with Rule 8 and plaintiff's repeated refusal to heed those warning, it does not appear

that a less drastic sanction is available.

/ / /

/ / /

/ / /

Based on the foregoing, the undersigned recommends that this action be dismissed, without prejudice, for failure to comply with court orders and Federal Rule of Civil Procedure 8.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 31, 2018

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE