1
2
3
4
5
6
7

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KIMBERLY R. OLSON, | No.  2:15-CV-0646-KJM-DMC |
| Plaintiff, | |
| v. | ORDER |
| HORNBROOK COMMUNITY SERVICES DISTRICT, et al., | |
| Defendants. | |

Plaintiff, who is proceeding pro se, brings this civil action.  Pending on the Court's docket are a number of motions which, due to subsequent procedural history, should be terminated as moot.  Also before the Court are Plaintiff's motions for reconsideration, Defendant Gifford's motion for finalization of a settlement agreement reached with Plaintiff, and requests to set aside various defaults.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

1

**DISCUSSION**

    1.      <u>Pending Motions Which Have Been Rendered Moot</u>

          The following mooted motions remain pending: (1) the amended motion to dismiss Plaintiff's second amended complaint filed by Defendant Basic Laboratory, Inc., <u>see</u> ECF No. 34; (2) the motion to dismiss Plaintiff's second amended complaint filed by Defendants Lucas and the law firm Murphy, Pearson, Bradley & Feeney, <u>see</u> ECF No. 37; (3) the motion to strike Plaintiff's second amended complaint under California's statute prohibiting strategic litigation against public participation filed by Defendants Lucas and the law firm Murphy, Pearson, Bradley & Feeney, <u>see</u> ECF No. 38; (4) the motion to dismiss Plaintiff's third amended complaint filed by Defendant Basic Laboratory, Inc., <u>see</u> ECF No. 44; (5) the motion for sanctions filed by Defendant Basic Laboratory, Inc., <u>see</u> ECF No. 46; (6) the motion to dismiss Plaintiff's third amended complaint filed by Defendants Winston and the law firm Kirsher, Winston & Boston, <u>see</u> ECF No. 108; and (7) the motion to strike Plaintiff's third amended complaint under California's statute prohibiting strategic litigation against public participation filed by Defendants Winston and the law firm Kirsher, Winston & Boston, <u>see</u> ECF No. 109.

          A review of the docket reflects that Defendant Basic Laboratory, Inc., was dismissed on November 9, 2021, pursuant to the parties' stipulation.  <u>See</u> ECF No. 168 (District Judge minute order).  Therefore, the motions at ECF Nos. 44 and 46 filed by Defendant Basic Laboratory, Inc., are now moot.

          As to the remaining motions challenging Plaintiff's second amended complaint, a review of the docket reflects that Plaintiff filed a third amended complaint within 21 days after service of the earliest-filed motion.  The Federal Rules of Civil Procedure provide that a party may amend his or her pleading once as a matter of course within 21 days of serving the pleading or, if the pleading is one to which a responsive pleading is required, within 21 days after service of the responsive pleading, <u>see</u> Fed. R. Civ. P. 15(a)(1)(A), or within 21 days after service of a motion under Rule 12(b), (e), or (f) of the rules, whichever time is earlier, <u>see</u> Fed. R. Civ. P. 15(a)(1)(B).

///

1           Here, Plaintiff's first and second amended complaint were filed pursuant to the

2 Court's direction after the Court screened the prior pleadings.  See ECF No. 5 (order dismissing

3 original complaint with leave to amend), ECF No. 9 (order dismissing first amended complaint

4 with leave to amend).  The earliest of the three motions challenging the second amended

5 complaint was filed on July 2, 2019.  See ECF No. 34.  The latest motions challenging the second

6 amended complaint were both filed on July 22, 2019.  See ECF Nos. 37 and 38.  Plaintiff filed her

7 third amended complaint on July 22, 2019.  See ECF No. 40.  Because Plaintiff's third amended

8 complaint was filed within 21 days after service of the earliest-filed motion challenging the

9 second amended complaint, Plaintiff's third amended complaint was filed as of right.  The filing

10 of the third amended complaint, which did not require a court order, and which superseded the

11 second amended complaint, rendered the three motions challenging the second amended

12 complaint moot.

13           As to mooted motions, also pending on the docket are motions to dismiss and

14 strike filed by Defendants Winston and the law firm Kirsher, Winston & Boston, ECF Nos. 108

15 and 109, along with amended notices at ECF No. 153 and 154.  The amended notice purport to re-

16 set the hearing date for the motions to dismiss and strike at ECF No. 108 and 109.  There is no

17 briefing filed with ECF Nos. 153 and 154.  Looking to the briefing accompanying ECF Nos. 108

18 and 109, the Court observes that the motions challenge the allegations in the second amended

19 complaint, which has been superseded by the timely filing of Plaintiff's third amended complaint

20 as of right.  Therefore, the motions to dismiss and strike, as well as the amended notices for those

21 motions, have also been rendered moot by the filing of the third amended complaint.  The Clerk

22 of the Court will be directed to terminate these entries as pending motion.

23         2.      Plaintiff's Motions for Reconsideration

24           The following motions are pending: (1) Plaintiff's motion for reconsideration of

25 the Court's order at ECF No. 138, see ECF No. 139; and (2) Plaintiff's motion for reconsideration

26 of the Court's order at ECF No. 160, see ECF No. 162.

27 / / /

28 / / /

1            In her filing at ECF No. 139, Plaintiff seeks reconsideration of the Court's order at

2    ECF No. 138 striking Plaintiff's motion at ECF No. 116 to strike affirmative defenses asserted by

3    Defendant Julie Bowles in her answer.  See ECF No. 139.  In the order at ECF No. 138, the Court

4    struck Plaintiff's motion because it had not been noticed for a hearing.  As Plaintiff notes, this

5    was in error.  Plaintiff's notice indicates a hearing date.  Plaintiff's motion, however, was

6    untimely because it was not filed within 21 days after Defendant Bowles served her answer.  See

7    Fed. R. Civ. P. 12(f)(2).  Defendant Bowles' answer was served on January 9, 2020.  See ECF

8    No. 88.  Plaintiff's motion to strike was untimely filed on February 28, 2020.  While Plaintiff's

9    motion was improperly stricken for failure to notice a hearing, it was properly stricken as

10    untimely.  The Court will grant reconsideration insofar as the prior order is clarified to reflect the

11    correct reason for striking Plaintiff's motion.

12            In her filing at ECF No. 162, Plaintiff seeks reconsideration of the Court's order at

13    ECF No. 160 submitting motions to dismiss and strike filed by Defendants Winston and law firm

14    Kirsher, Winston & Boston on the papers and vacating the hearing on those motions.  See ECF

15    No. 162.  According to Plaintiff, the Court ignored Plaintiff's objections at ECF No. 159.  The

16    Court vacated the hearing on the motions to dismiss and strike because Plaintiff had not filed

17    oppositions thereto.  See ECF No. 160.  Plaintiff contends the order at ECF No. 160 is in error

18    because the Court's prior order cut off any chance of briefing.  See ECF No. 162.

19            Plaintiff's objections at ECF No. 159 related to the Court's order at 156 submitting

20    other pending motions without oral argument.  Thus, the objections had no bearing on the Court's

21    order at ECF No. 160 Plaintiff now challenges.  There are no orders on the docket which "cut off"

22    Plaintiff's opportunity to brief the motions filed by Defendants Winston and law firm Kirsher,

23    Winston & Boston and, for this reason, there is no basis for reconsideration of the Court's order.

24          3.      Motion for Finalization of Settlement and Entry of Judgment

25            Defendant Gifford seeks a court order finalizing a settlement agreement reached

26    with Plaintiff.  See ECF No. 144.  Defendant Gifford seeks entry of judgment pursuant to the

27    settlement agreement in the amount of $50,000.00.  See id.  Defendant Gifford also seeks

28    dismissal from the action.  See id.  Here, Defendant Gifford is sued for his conduct while a

4

1    member of the Board of Directors of Defendant Hornbrook Community Services District.  See

2    ECF No. 40 pg. 4 (third amended complaint).  Thus, any settlement would be paid by Defendant

3    Hornbrook Community Services District.  The Court also notes that Ms. Olson and Mr. Gifford

4    are Plaintiffs in other cases against Defendant Hornbrook Community Services District and its

5    former and current board members.  These various actions, as well as prior now-closed actions

6    filed by Peter Harrell, all proceed on strikingly similar pleadings, suggesting some level of

7    cooperation, at least between Ms. Olson and Mr. Gifford.  The current motion appears nothing

8    more than an attempt to convince the Court to endorse a judgment which would impose a

9    payment obligation on Defendant Hornbrook Community Services District in advance of any

10   finding of liability on that party's part.  While the Court is aware of the requirement for Court

11   approval of a minor's compromise, the Court is aware of no authority permitting the relief

12   requested under the circumstances presented here, and Defendant Gifford cites to none.  To the

13   extent Plaintiff wishes to voluntarily dismiss Defendant Gifford, the parties may file a stipulated

14   dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1).  In the meantime, Defendant

15   Gifford's motion will be denied.

16          4.      Request to Set Aside Defaults

17          After filing of the third amended complaint, the following defendants waived

18   service: Barnes, Hornbrook Community Bible Church, Crittenden, Puckett, Hornbrook

19   Community Services District, Martin, Brown, Goff, Gifford, Hanson, see ECF No. 74, Bowles,

20   see ECF No. 85, and King, see ECF No. 98.  Summons was returned executed by the United

21   States Marshal as to Defendants Dingman, Winston, and the law firm of Kirsher, Winston &

22   Boston.  See ECF No. 101.  Defendants Barnes and Bowles filed answers.  See ECF Nos. 72 and

23   88.  Defendants Winston and the law firm of Kirsher, Winston & Boston have filed motions to

24   dismiss and strike, which are pending.  See ECF Nos. 153 and 154.

25          On Plaintiff's request, the Clerk of the Court entered defaults for Defendants

26   Brown, Crittenden, Hanson, Hornbrook Community Bible Church, Hornbrook Community

27   Services District, Martin, Puckett, Kingman, and King.  See ECF Nos. 93 and 114.  Plaintiff has

28   filed four separate motions for default judgments as against Defendants Hornbrook Community

1    Services District, Brown, Hanson, Puckett, see ECF No. 140, Defendant Dingman, see ECF No.

2    141, Defendants Hornbrook Community Bible Church, Crittenden, Martin, see ECF No. 142, and

3    Defendant King, see ECF No. 143.  In opposition to Plaintiff's motions at ECF Nos. 140 and 141,

4    Defendants Hornbrook Community Services District, Hanson, Brown, Barnes, Dingman, Goff,

5    and Bowles have filed a request to set aside defaults along with a proposed answer to Plaintiff's

6    third amended complaint.  See ECF No. 148.  These defendants claim excusable neglect.  See id.

7           At the outset, the Court notes that Defendants Barnes and Bowles have filed

8    separate answers to the third amended complaint and no defaults have been entered as against

9    them.  The proposed answer submitted with Defendants' request to set aside default purports to

10   answer on their behalf, apparently as an amended answer.  Further, though Defendant Goff joins

11   in the request to set aside defaults, the docket does not reflect that the Clerk of the Court entered

12   Defendant Goff's default, and Plaintiff does not seek a default judgment as against this defendant.

13   The proposed answer to the third amended complaint, however, does purport to respond on behalf

14   of Defendant Goff, who waived service.  Additionally, though Defendant Puckett waived service

15   and his default has been entered, Defendant Puckett is not joined in the request to set aside

16   defaults and the proposed answer to the third amended complaint does not list Defendant Puckett.

17   Thus, the request to set aside defaults applies only to Defendants Hornbrook Community Services

18   District, Hanson, Brown, and Dingman (collectively Defaulting Defendants).  Plaintiff's motions

19   for default judgments as against Defendants Puckett, Hornbrook Community Bible Church,

20   Crittenden, Martin, and King are addressed by findings and recommendations issued separately.

21           Defaults are disfavored and, under Federal Rule of Civil Procedure 55(c), the

22   Court has the discretion to set aside the Clerk of the Court's entry of default. See Eitel v. McCool,

23   782 F.2d 1470, 1472 (9th Cir. 1986).  Good cause must be shown to set aside entry of default. See

24   Fed. R. Civ. P. 55(c).  In evaluating whether good cause exists, the Court considers: (1) whether

25   the party seeking to set aside the default engaged in culpable conduct that led to the default; (2)

26   whether the defaulting party has meritorious defenses; or (3) whether prejudice would result to

27   the party opposing a motion to set aside the default. See United States v. Mesle, 615 F.3d 1085,

28   1091 (9th Cir. 2010).  The standard is disjunctive, meaning that a finding that any factor is true is

1    sufficient reason for the Court to decline to set aside a default entered by the Clerk of the Court.

2    See TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 696 (9th Cir. 2001).  Where, however,

3    the party seeking to set aside entry of default has a meritorious defense, any doubt should be

4    resolved in favor of setting aside the default so the case may be decided on the merits.  See

5    Mendoza v. Wright Vineyard Mgmt., 783 F.2d 941, 945-46 (9th Cir. 1986).  A case should,

6    whenever possible, be decided on the merits and not by way of the drastic step of a default

7    judgment.  See Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984).

8              A defendant's conduct is culpable in the context of a default when the defendant

9    has actual or constructive notice of the filing of the action and intentionally fails to answer.  See

10   TCI Group Life, 244 F.3d at 697.  The negligent failure to answer coupled with a good faith

11   explanation does not constitute intentional conduct.  See id. at 697-98.  The "meritorious defense"

12   requirement is not extraordinarily heavy.  See Mesle, 615 F.3d at 1094.  All that is required is the

13   allegation of sufficient facts which, if true, would constitute a defense.  See id.  The veracity of

14   such allegations is not to be determined in the context of a motion to set aside entry of defaults

15   but is the subject of later litigation.  See id.  In other words, the allegations relating to potential

16   defenses are presumed true when deciding a motion to set aside entry of default.  See id.

17   Prejudice exists when the ability to present a case by that party who is opposing a motion to set

18   aside entry of defaults will be hindered if the defaults are set aside.  See TCI Group, 244 F.3d at

19   696.  Denial of a quick victory by way of a default judgment does not constitute prejudice.  See

20   Bateman v. United States Postal Service, 231 F.3d 1220, 1225 (9th Cir. 2000).

21             Having considered these factors, the Court finds that good cause exists to set aside

22   the defaults of the Defaulting Defendants and to allow filing of their proposed answer to

23   Plaintiff's third amended complaint.  First, the Defaulting Defendants' conduct has not been

24   demonstrated to be culpable.  As the Defaulting Defendants note in their request to set aside

25   defaults, this case is just one in a long string and far-reaching litigation campaign mounted by Ms.

26   Olson and, in other cases, Mr. Gifford.  The Court accepts the Defaulting Defendants'

27   representation that the failure to respond in this particular action was the result of excusable

28   neglect resulting from confusion caused by multiple cases filed by the same plaintiffs in both state

and federal court.  See TCI Group Life, 244 F.3d at 697-98.  Second, a review of the proposed answer to Plaintiff's third amended complaint reflects that the Defaulting Defendants have meritorious defenses.  See ECF No. 148-1 (proposed answer to third amended complaint); see also Mesle, 615 F.3d at 1094.  Finally, Plaintiff has not demonstrated that any prejudice that will result should the Court set aside defaults here.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED as follows:

1.     The docket entries at ECF Nos. 34, 37, 38, 44, 46, 108, 109, 153 and 154 have been rendered moot by subsequent procedural history.

2.     Plaintiff's motion for reconsideration, ECF No. 139, is GRANTED insofar as the Court's order at EF No. 138 is hereby clarified to reflect that Plaintiff's motion to strike at ECF No. 116 is stricken as untimely.

3.     Plaintiff's motion for reconsideration, ECF No. 162, is DENIED.

4.     Defendant Gifford's motion for finalization of a settlement agreement, ECF No. 144, is DENIED.

5.     Defaults entered as to Defendants Hornbrook Community Services District, Hanson, Brown, and Dingman are SET ASIDE.

6.     The Clerk of the Court is directed to file the proposed answer to Plaintiff's third amended complaint at ECF No. 148-1.

7.     Plaintiff's motions for default judgment, ECF Nos. 140 and 141, are DENIED as moot with respect to Defendants Hornbrook Community Services District, Hanson, Brown, and Dingman.

8.     The Clerk of the Court is directed to terminate ECF Nos. 34, 37, 38, 44, 46, 108, 109, 139, 141, 144, 153, 154, and 162 as pending motions.

Dated:  March 4, 2024

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE