IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY R. OLSON, | No. 2:15-CV-0646-KJM-DMC |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| HORNBROOK COMMUNITY SERVICES DISTRICT, et al., | |
| Defendants. | |

      Plaintiff, who is proceeding pro se, brings this civil action. Pending before the Court are Plaintiff's motions for default judgments against Defendants Puckett, Hornbrook Community Bible Church, Crittenden, Martin, and King (defaulted Defendants). See ECF Nos. 140, 142, and 143.

**I.  BACKGROUND**

      After filing of the third amended complaint, the following defendants waived service: Barnes, Hornbrook Community Bible Church, Crittenden (HCBC), Puckett, Hornbrook Community Services District (HCSD), Martin, Brown, Goff, Gifford, Hanson, see ECF No. 74, Bowles, see ECF No. 85, and King, see ECF No. 98. After the time to respond expired, and on Plaintiff's request, the Clerk of the Court entered defaults for Defendants Brown, Crittenden,

1  Hanson, HCBC, HCSD, Martin, Puckett, Dingman, and King.  See ECF Nos. 93 and 114.

2  Plaintiff has filed four separate motions for default judgments as against Defendants HCSD,

3  Brown, Hanson, Puckett, see ECF No. 140, Dingman, see ECF No. 141, HCBC, Crittenden,

4  Martin, see ECF No. 142, and King, see ECF No. 143.  Plaintiff's motion at ECF No. 141 relating

5  only to Defendant Dingman is resolved by separate order granting various defendants' request to

6  set aside defaults and proceed on a proposed answer to Plaintiff's third amended complaint.

## II.  DISCUSSION

Before the Court are Plaintiff's motions for default judgments against the defaulted Defendants, See ECF Nos. 140, 142, and 143.  Collectively, Plaintiff's motions relate to Defendants HCSD, Brown, Hanson, Puckett, see ECF No. 140, HCBC, Crittenden, Martin, see ECF No. 142, and King, see ECF No. 143.  In response to Plaintiff's motions at ECF Nos. 140 and 141, Defendants HCSC, Hanson, Brown, Barnes, Dingman, Goff, and Bowles have filed a request to set aside defaults along with a proposed answer to Plaintiff's third amended complaint.  See ECF No. 148.  By separate order, the Court grants these Defendants' request to set aside defaults – except as to Goff, Barnes, and Bowles – and directs filing of the proposed answer to Plaintiff's third amended complaint.  No defaults were entered as to Defendants Goff, Barnes, and Bowles, and Defendants Barnes and Bowles have filed answers to the third amended complaint.  This order partially resolves ECF No. 140.  Addressed in these findings and recommendations are Plaintiff's motions at ECF Nos. 140, 142, and 143 as to defaulted Defendants Puckett, HCBC, Crittenden, Martin, and King.

Whether to grant or deny default judgment is within the discretion of the Court. See Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). In exercising this discretion, the Court considers the following factors: (1) the possibility of prejudice to the plaintiff if relief is denied; (2) the substantive merits of plaintiff's claims; (3) the sufficiency of the claims raised in the complaint; (4) the sum of money at stake; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy favoring decisions on the merits when reasonably possible.  See Eitel v. McCool, 782 F.2d 1470, 1471-72

(9th Cir 1986). Regarding the last factor, a decision on the merits is impractical, if not impossible, where defendants refuse to defend. See Pepsico, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

Where a defendant has failed to respond to the complaint, the Court presumes that all well-pleaded factual allegations relating to liability are true. See Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam); Danning v. Lavine, 572 F.2d 1386 (9th Cir. 1978); Televideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam); see also Discovery Communications, Inc. v. Animal Planet, Inc., 172 F. Supp. 2d 1282, 1288 (C.D. Cal. 2001). Therefore, when determining liability, a defendant's default functions as an admission of the plaintiff's well-pleaded allegations of fact. See Panning v. Lavine, 572 F.2d 1386 (9th Cir. 1978). However, the Court has the responsibility of determining whether the facts alleged in the complaint state a claim which can support the judgment. See Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978). For this reason, the district court does not abuse its discretion in denying default judgment where the factual allegations as to liability lack merit. See Aldabe, 616 F.2d at 1092-93.

While factual allegations concerning liability are deemed admitted upon a defendant's default, the Court does not presume that any factual allegations relating to the amount of damages suffered are true. See Geddes, 559 F.2d at 560. The Court must ensure that the amount of damages awarded is reasonable and demonstrated by the evidence. See id. In discharging its responsibilities, the Court may conduct such hearings and make such orders as it deems necessary. See Fed. R. Civ. P. 55(b)(2). In assessing damages, the Court must review the facts of record, requesting more information if necessary, to establish the amount to which the plaintiff is lawfully entitled. See Pope v. United States, 323 U.S. 1 (1944).

Where actual damages are not proved, it may be appropriate in some cases to award nominal damages to vindicate the deprivation of certain rights. See Cummings v. Connell, 402 F.3d 936, 942 (9th Cir. 2005). Nominal damages may be appropriate under California law for the torts of trespass, see Consterisan v. Tejon Ranch Co., 255 Cal.App.2d 57, 60 (5th Dist. 1967), assault, see Liljefelt v. Blum, 33 Cal.App.721 (1st Dist. 1917) (per curiam), loss of publicity, see

3

Ericson v. Playgirl, Inc., 73 Cal.App.3d 850, 859 (2nd Dist. 1977), as well as breach of contract, see id. As the term implies, nominal damages is defined as a mere token or trifle. See Cummings, 402 F.3d at 943.

Here, in exercising its responsibility to ensure that the facts alleged, when presumed true, state claims which can support liability, the Court finds that the operative third amended complaint here does not. The third amended complaint is not a well-pleaded complaint. It consists of 74 typed pages of largely confusing and overlapping allegations of generalized wrongdoing. See ECF No. 40. Though some defendants have elected to answer the third amended complaint, this is not necessarily an indication that the third amended complaint states facts establishing liability for purposes of a default judgment. It may well be that answering defendants will avail themselves of the discovery process to more fully define the contours of Plaintiff's various claims. In any event, the Court is limited to those factual allegations contained within the four corners of the third amended complaint, and the Court is not convinced that the allegations support the extreme measure of entering default judgments.

### III.  CONCLUSION

Based on the foregoing, the undersigned recommends as that Plaintiff's motions for default judgments, ECF Nos. 140-142, and 143, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 7, 2024

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE