UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Kimberly R. Olson,<br><br>    Plaintiff,<br><br>    v.<br><br>Hornbrook Community Services District, et al.,<br><br>    Defendants. | No. 2:15-cv-00646-KJM-DMC<br><br>ORDER |

    Plaintiff Kimberly Olson seeks default judgment against defendants Puckett, Hornbrook Community Bible Church, Crittenden, Martin and King. *See* Mots. Default J., ECF Nos. 140, 142, 143. The matter was referred to the assigned Magistrate Judge under this district's local rules. *See* E.D. Cal. L.R. 302(c)(19), (c)(21). The magistrate judge recommends denying those motions because the operative complaint was not "well-pleaded," i.e., because it is lengthy and confusing and includes many "overlapping allegations of generalized wrongdoing." F&Rs at 4, ECF No. 173. Olson objects that the Magistrate Judge did not "explain how the allegations and causes of action may be deficient in any way" and argues her allegations are "simple" and "narrow" when it comes to these specific defendants. Objections at 3, ECF No. 184. The court has considered the motions de novo. *See* 28 U.S.C. § 636(b)(1).

    Motions for default judgment are "ordinarily disfavored." *Eitel v. McCool*, 783 F.2d 1470, 1472 (9th Cir. 1986). "Cases should be decided upon their merits whenever reasonably

possible." *Id.* Whether to grant a motion for default judgment is a matter of discretion. *See id.* Federal district courts consider several factors when they exercise that discretion:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits."

*Id.* at 1471–72. In *Eitel*, for example, it was appropriate to deny default judgment in light of the general preference for resolving cases on the merits, "serious reservations about the merits" of the plaintiff's allegations, the high value of the damages claim, disputes of fact, and the apparent likelihood that the defendant had been operating under the misunderstanding that an answer was unnecessary or already on file. *See id.* at 1472.

These factors weigh against default judgment in Olson's case against Puckett, Hornbrook Community Bible Church, Crittenden, Martin and King. As the Magistrate Judge found, plaintiff's complaint is long, excessively legalistic, needlessly self-referential, and difficult to understand on the whole. In terms of the factors above, these problems cast serious doubt on both the merits of her substantive claims and the sufficiency of her allegations. The sum of money at stake is also large: several hundred thousand dollars at least, likely more. Again, it is not clear how much exactly plaintiff seeks from whom and why, as her complaint is unnecessarily complex and lengthy. She also seeks wide-ranging injunctive and declaratory relief in her pending motions. Finally, in general, the "strong policy" favoring resolutions on the merits weighs against granting default judgment.

For these reasons, the findings and recommendations (ECF No. 173) are **adopted**, and the pending motions for default judgment (ECF Nos. 140, 142 and 143) are **denied**.

IT IS SO ORDERED.

DATED: October 3, 2024.

_____
UNITED STATES DISTRICT JUDGE